IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TALISA T. CRAWFORD, | : | |
| | : | Case No. 2:18-cv-480 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## **OPINION & ORDER**

This matter comes before the Court on the Magistrate Judge's December 14, 2018, **Report and Recommendation** (ECF No. 20), which recommended that Plaintiff's Statement of Errors (ECF No. 14) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis therein.

## I. BACKGROUND

Plaintiff Talisa T. Crawford filed her application for supplemental security income ("SSI") on October 14, 2014. Plaintiff's application was initially denied on January 8, 2015 and was subsequently denied upon reconsideration on March 30, 2015. (R. at 324, 354). On April 23, 2015, Plaintiff submitted a request for a hearing by an administrative law judge ("ALJ"). (R. at 356). Plaintiff, represented by counsel, appeared and testified on April 12, 2017. (R. at 67). In addition to Plaintiff's testimony, the ALJ considered the testimony of a vocational expert ("VE") and a medical expert ("ME") at this hearing. (R. at 67).

The ALJ issued a decision finding that Plaintiff was not "disabled" within the meaning of the Social Security Act. (R. at 44). In the decision denying Plaintiff benefits, the ALJ followed

1

the required five-step sequential analysis for disability-benefits claims. (R. at 49-58). *See* C.F.R. § 416.920(a).[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2014. (R. at 49). At the second step, the ALJ found that Plaintiff was severely impaired by obesity; leg length discrepancy; degenerative disc disease of the cervical and lumbar spine; status-post lumbar microdiscectomy; chronic obstructive pulmonary disease ("COPD"); mild carpal tunnel syndrome of the right upper extremity ("CTS"); history of Chiari malformation with placement of a small plate; post-traumatic stress disorder ("PTSD"); borderline intellectual functioning ("BIF"); and bipolar disorder (20 CFR 416.920(c)). (R. at 49). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart

---

[1] Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

P, Appendix 1. (R. at 50). At the fourth step, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform certain sedentary work as defined in 20 C.F.R. §§ 416.967(a) and 416.967(a). (R. at 52). At the fifth, and final step, the ALJ found that there were "jobs that exist in significant numbers in the national economy" that Plaintiff was capable of performing. (R. at 58). As such, the ALJ determined that Plaintiff has not been "under a disability" within the meaning of the term "disabled" in the Social Security Act. (R. at 59).

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 17, 2018. (R. at 1). Plaintiff then timely filed this action for review, alleging in her Statement of Errors that the ALJ erred in failing to properly evaluate whether Listing 1.04 was met, or that the ALJ failed to properly determine whether Plaintiff was medically equal to Listing 1.04.

On February 22nd 2019, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner of Social Security's decision. (ECF No. 18). Plaintiff subsequently objected to the Magistrate Judge's Report and Recommendation with regard to the Magistrate Judge's finding that the ALJ did not err under his evaluation of whether Plaintiff met or equaled Listing 1.04 (ECF No. 19).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This *de novo* review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013).

Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

### III. LAW AND ANALYSIS

Plaintiff objects to the Magistrate Judge's finding at step three. Plaintiff argues that the ALJ's determination that Plaintiff failed to establish every element of Listing 1.04(A) was not supported by substantial evidence. (ECF No. 9). Step three of the five step sequential evaluation of evidence for disability claims requires an ALJ to determine whether the claimant's severe impairments, alone or in combination, meet or medically equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1. *See* 20 C.F.R. § 416.920(a)(4). To satisfy Listing 1.04, Plaintiff must have an impairment as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness [sic]) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Additionally, the evidence must show that Plaintiff's impairment "has lasted or can be expected to last for a continuous period of 12 months." 20 C.F.R. § 404.1525(c)(4). Moreover, Plaintiff has the burden of proving that she meets or medically equals all of the criteria of a listed impairment. *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012) (clarifying

that the burden of proving disability remains with the Social Security claimant at Steps one through four and does not shift to the ALJ until Step five). As such, Plaintiff has the burden of establishing all of the following criteria:

> (1) A disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture),
> (2) resulting compromise of a nerve root (including the cauda equina) or the spinal cord,
> (3) Evidence of nerve root compression characterized by neuro-anatomic distribution of pain,
> (4) limitation of motion of the spine,
> (5) motor loss (atrophy with associated muscle weakness or muscle weakness [sic]) accompanied by sensory or reflex loss,
> (6) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine), and
> (7) the impairment has lasted or can be expected to last for a continuous period of at least 12 months..

To determine whether a claimant satisfies the requirements of a Listing, the ALJ must "actually evaluate the evidence, compare it to Section [1.04] of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415–16 (6th Cir. 2011).

Here, Plaintiff contends that the Magistrate Judge erred in finding that the ALJ properly evaluated the relevant evidence, compared that evidence to the listings, and gave a detailed explanation concerning his decision based on this analysis. (ECF No. 19). The ALJ found that Plaintiff did not have the requisite motor or sensory loss required to establish the listing level severity required by Listing 1.04(A). (R. at 50). In denying Plaintiff's claim with respect to listing 1.04(A), the ALJ concluded:

> At the hearing, Dr. Kendrick found that the claimant did not meet or equal any listing. The undersigned adopts the opinion of Dr. Kendrick, as it is consistent with

the record… As for Listing 1.04, Dr. Kendrick opined that the claimant did not have appropriate motor or sensory loss (Hearing Testimony).

(R. at 50).

In reaching this conclusion, the ALJ considered the testimony of Dr. Kendrick, the ME, whose testimony expressly identified that, given Plaintiff's neurologically intact condition, Plaintiff did not possess the motor and sensory loss required to establish Listing 1.04(A). (R. at 90). Plaintiff contends that Dr. Kendrick's inability to review two at-issue medical records renders his testimony defective. (ECF No. 9). The reports referenced by Plaintiff include a January 23, 2017 treatment note from Dr. Lakatos and a March 9, 2017 EMG report. (1737-1741, 1990-1993.) These reports do offer some evidence to support finding that Plaintiff suffered from motor loss, however, Plaintiff nonetheless lacks the evidence necessary to establish the required element of sensory loss. In addition, the ME noted inconsistencies in the results of straight leg raising tests performed on Plaintiff. These inconsistencies, coupled with poor documentation of the testing, serves as another deficiency in establishing the requirements of Listing 1.04(A). (R. at 92). Accordingly, the Magistrate Judge appropriately concluded that the ALJ properly considered these reports in reaching his decision. (ECF No. 18 at 8)., The ALJ followed the appropriate method of analysis, evaluating the evidence and comparing it to the listing, and relied on substantial evidence in conducting this analysis.

In addition, Plaintiff contends that the ALJ's failure to consider whether Plaintiff's impairments medically equal the criteria of Listing 1.04(A) constitutes reversible error. If a claimant has an impairment identified in a listing but does "not exhibit one or more of the findings specified in the particular listing," she may medically equal the listing if she has "other findings related to [the] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b)(1). However, "the medical equivalence standard does not

mean that [the plaintiff] may simply substitute his mental limitations for one or more of the required criteria." *Donarski v. Colvin*, No. 14-cv-4419 (HB), 2016 WL 6139951, at *21-22 (D. Minn. Feb. 2, 2016); see 20 C.F.R. § 416.929 (d)(3) (stating "we will not substitute your allegations of pain or other symptoms for a missing or deficient sign or laboratory finding to raise the severity of your impairment(s) to that of a listed impairment"). Rather, medical equivalence requires "other findings related to [the listed] impairment." 20 C.F.R. § 416.926(b)(1)(A) (emphasis added).

Here, no evidence in the record supports the proposition that Plaintiff's mental impairments impact Plaintiff in a manner that would equal the required physical limitations to meet listing 1.04(A). As such, in the absence of any cognizable relationship between Plaintiff's mental impairments and her physical limitations, it would have been unnecessary for the ALJ to assess whether these additional mental impairments were the medical equivalent of the criteria set forth in Listing 1.04(A). Therefore, the Magistrate Judge did not err by concluding that the ALJ's omissions, with respect to whether Plaintiff's mental impairments medically equal Listing 1.04(A), did not constitute reversible error.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: June 7, 2019**